UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard Jackson, Jr., | Civ. No. 19-1516 (DSD/BRT) |
| Plaintiff, | |
| v. | |
| Lyndsey Olson, St. Paul City Attorney Ramsey; John J. Choi, St. Paul Ramsey County Attorney; Melvin Carter, Mayor St. Paul Ramsey; Keith Ellison, Minnesota Attorney; and H.S.D. of St. Paul, | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff Howard Jackson, Jr., did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Jackson qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and

the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

      The Complaint and accompanying documents filed by Jackson are far from clear but tend to indicate that this lawsuit is related to a recent eviction and subsequent legal proceedings conducted in state court. Jackson claims that during the course of those events, his rights under the "A.D.A. Act" and "Human Rights Act" have been violated. (*See* Doc. No. 1, Compl. at 4.) But Jackson does not affirmatively allege how, exactly, he has been discriminated against or impeded as a result of a disability. Nor has Jackson alleged how his federal rights have otherwise been violated. Indeed, the Complaint and accompanying documents are entirely conclusory; Jackson alleges repeatedly that his eviction was unlawful and the result of widespread municipal or state corruption without providing factual allegations that, if proved true, would establish these allegations.

Moreover, the Defendants actually named to this lawsuit seem to have little or no relationship to the eviction at issue in this lawsuit. Simply put, Jackson has not presented a plausible basis for this Court to conclude that the named Defendants have violated the law.

Finally, there is reason to believe that this action is not brought entirely in good faith. Jackson has brought several lawsuits against governmental officials over the past several months. *See Jackson v. State of Minnesota*, No. 19-CV-1864 (MJD/DTS) (D. Minn. 2019); *Jackson v. Dept. of Human Services*, No. 19-CV-1429 (NEB/ECW) (D. Minn. 2019); *Jackson v. Hortman*, No. 19-CV-1304 (SRN/SER) (D. Minn. 2019); *Jackson v. State of Minnesota*, No. 19-CV-0741 (JRT/BRT) (D. Minn. 2019); *Jackson v. Radias Health*, No. 19-CV-0724 (PJS/DTS) (D. Minn. 2019); *Jackson v. Dayton*, No. 18-CV-1525 (DWF/HB) (D. Minn. 2018); *Jackson v. Marek*, No. 18-CV-1432 (JRT/KMM) (D. Minn. 2018); *Jackson v. Axtell*, No. 18-CV-1073 (ECT/SER) (D. Minn. 2018). Near the end of his Complaint, Jackson states: "If don't stop it I will keep putting more lawsuits out I will try to make agreement pay me what is due then I will drop some lawsuits on defendants and move out of state no conflict of interest." (Compl. at 5.) Although litigants have a constitutional right of access to the courts, "there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Jackson is therefore advised that the repeated filing of litigation found to be meritless, vexatious, frivolous, or malicious may result in

restrictions being placed on his ability to initiate new litigation in this District while unrepresented without advance permission from a judicial officer.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of Plaintiff Howard Jackson, Jr. (Doc. No. 2) be **DENIED**.

Dated: July 30, 2019                   _s/ Becky R. Thorson_____
                                       BECKY R. THORSON
                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).